UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NORTH JERSEY VINEYARD CHURCH,** **Plaintiff,** v. **TOWNSHIP OF SOUTH HACKENSACK, THE PLANNING BOARD OF THE TOWNSHIP OF SOUTH HACKENSACK** **Defendants.** | Civ. No. 15-8369 (WJM) **OPINION** |

Plaintiff North Jersey Vineyard Church ("the Church") brings this action alleging violations of its First and Fourth Amendment rights under the United States and New Jersey Constitution, violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, and asserting an action in lieu of prerogative writ, N.J. Ct. R. 4:69-1, by the Defendants Township of South Hackensack and the Planning Board of the Township of South Hackensack (collectively, "the Township" or "Defendants"). This matter comes before the Court on the Church's two separate motions for injunctive relief and a motion to serve third-party subpoenas prior to the Rule 26(f) conference. The motions are decided without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, the Church's motions are **DENIED**.

### I. BACKGROUND

The following facts are taken from the Church's complaint. (Docket No. 1-1.) The Church is a religious organization serving the southern Bergen County community and has leased a space in Teterboro, New Jersey, for its services since late 2004 (the "Teterboro Property"). As its current lease in Teterboro was set to expire in 2014, the Church purchased a property in March 2014 at 310 Phillips Avenue in South Hackensack (the "Phillips Property"). The Phillips Property was zoned for mixed use and did not allow for houses of worship. The Church submitted an application for a variance in April 2014, which included a traffic impact analysis, a planning report, and an engineer's report. After conducting

hearings, the Zoning Board of Adjustment unanimously denied the application, which was sent to the Church on December 1, 2014.

Subsequently, the Church filed suit against the Township in this Court, alleging a variety of claims including a facial challenge of the Township's Zoning Code. *See North Jersey Vineyard Church v. South Hackensack, New Jersey*, 2:14-cv-07759. During the course of litigation, the parties reached a settlement. As part of this, the Township allegedly agreed to amend the zoning code to allow houses of worship in mixed use districts and agreed that the existing parking lot was sufficient for the building. Based on this settlement, the Church states that it concluded its purchase of the Phillips Property for $3 million on June 30, 2015.

The Church alleges that the only impediment to its use of the Phillips Property was obtaining Site Plan approval from the Township Planning Board. The Church's application was heard on August 27, 2015. Shortly prior to this hearing, the Township Planner informed the Church that, while it met the parking requirements for the sanctuary, it was deficient 116 spaces for non-sanctuary space, since it needed to provide one spot per 200 square feet for such purposes. This was re-iterated by the Town Planner at the hearing. The Township Planning Board continued the hearing on September 24, 2015, and adjourned to consider a letter from the Church's attorney regarding the legal criteria for approving the plan. The September 30, 2015, date for reconvening was pushed back a week by the Township Planning Board. The Church alleges that during this time it was apprised that the Township was seeking to re-develop a number of areas, including the Phillips Property. The Township allegedly passed a resolution authorizing a preliminary investigation of proposed areas for re-development on September 10, 2015. The Township Planning Board reconvened on October 7, 2015, for additional testimony and again on November 30, 2015. The Board finally voted to deny the Church's Site Plan, allegedly without providing any information or reason for the denial.

Following the denial, the Church initiated the instant action. The Church seeks a reversal of the Township Planning Board's decision and monetary damages. The Church then filed two almost identical motions for injunctive relief, (Docket Nos. 6, 18), and a motion to serve third-party subpoenas prior to the Rule 26(f) conference, (Docket No. 16).[1] In its motions for injunctive relief, the Church asks the Court to order the Township to approve its site plan application (and,

---

[1] The Court will address all three motions in this Opinion.

2

consequently, vacate the Township Planning Board's denial) and allow it to use the Phillips Property pending a final adjudication by this Court.[2]

## II. STANDARD OF REVIEW

Rule 65 of the Federal Rules of Civil Procedure governs the imposition of injunctive relief and "empowers district courts to grant preliminary injunctions." *Doe v. Banos*, 713 F. Supp. 2d 404, 410 (D.N.J.) *aff'd*, 416 F. App'x 185 (3d Cir. 2010). The Third Circuit has stated that preliminary injunctive relief is "an extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quotations omitted). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The grant of a preliminary injunction rests on the demonstration of four factors by the movant: (1) likely success on the merits; (2) irreparable harm absent preliminary relief; (3) that, alternatively, the non-movant will not suffer irreparable harm if preliminary relief is granted; and (4) that preliminary relief is in the public interest. *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010). "The burden lies with the [movant] to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) (citations omitted).

## III. DISCUSSION

In order to obtain injunctive relief, the Church "must demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) (emphasis original quotation omitted); *see also Morton v. Beyer*, 822 F.2d 364, 371 (3d. Cir. 1987) ("[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction"). The Third Circuit has stated that irreparable harm is harm that "cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). Accordingly, "[i]rreparable harm must be of a peculiar nature, so that

---

[2] In its opposition papers, the Township raises certain jurisdictional issues regarding the Church's action in lieu of prerogative writ. Deciding jurisdictional issues is not appropriate in a motion for preliminary injunction. Should Defendants feel that they have any such substantive arguments to raise, they may file a motion to dismiss and the Court will consider the arguments at that stage.

3

compensation in money alone cannot atone for it." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990) (quotation omitted). The Church raises two separate arguments for irreparable harm: (i) that it will suffer a loss of First Amendment freedoms in the interim, and (ii) that its property rights will be harmed in such a way that it cannot be compensated through damages. Since the Court finds these irreparable harm arguments unpersuasive, the motions for injunctive relief will be denied.[3]

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). "But the assertion of First Amendment rights does not automatically require a finding of irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 72–73 (3d Cir. 1989) (internal citation and quotation marks omitted). "Rather the [plaintiff] must show a chilling effect on free expression" and "it is the 'direct penalization, as opposed to incidental inhibition, of First Amendment rights [which] constitutes irreparable injury.'" *Id.* at 73. Here, the Church's First Amendment freedoms are not chilled. The Church continues to have use of the Teterboro Property to conduct its religious services. In addition, the parking issue that lies at the heart of this dispute does not directly penalize the Church's First Amendment right, but instead only incidentally inhibits it—if at all. As such, the Court finds that the Church's cursory assertions of a chilling effect on its right to worship fails to show irreparable harm to justify the relief sought.

Moving to the Church's property rights argument, where real property is at stake "preliminary injunctive relief can be particularly appropriate because of the unique nature of the property interest," though the Church is still required to demonstrate that irreparable harm will result from a temporary cessation of its alleged property right. *See Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 256 (3d Cir. 2011). The cases presented by the Church in support of its argument for a presumption of irreparable harm are non-binding state court opinions, and the two recent opinions cited are not for grants of injunctive relief. *See 7-Eleven, Inc. v. Sodhi*, No. CV133715MASJS, 2016 WL 541135, at *6 n.10 (D.N.J. Feb. 9, 2016) (noting in regards to real property rights that "presumptions [of irreparable

---

[3] The Church's motion for third-party subpoenas prior to the Rule 26(f) conference is predicated on its motions for injunctive relief, arguing that it will help Plaintiff develop and address the merits of these motions. *See Sawhorse Enterprises, Inc. v. Church & Dwight Co.*, No. CIV.A. 12-6811 FLW, 2013 WL 1343608, at *4 (D.N.J. Apr. 3, 2013) ("Expedited discovery has been ordered where it would 'better enable the Court to judge the parties' interests and respective chances for success on the merits' at a preliminary injunction hearing.") Since the Court denies the motions for injunctive relief, the Court will also deny the Church's motion for third-party subpoenas.

4

harm] related to property rights were explicitly dispelled in" the U.S. Supreme Court's decision in *eBay*.) Relying on only this presumption, the Church makes a passing showing at best to support its conclusory assertions of irreparable harm. The Church's argument hinges on a resolution by the Township from September 2015, authorizing a preliminary investigation of particular areas for re-development. The Church argues that the Phillips Property is one of these areas and that the Township wishes to "take the Church's property" and re-develop it. A party seeking injunctive relief must show not only irreparable injury, but that such harm is immediate—*i.e.* the threat must be a presently existing one and not a remote or speculative possibility. *See Hoxworth*, 903 F.2d at 205; *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994). The Church acknowledges the speculative nature of its asserted harm, stating that "it is *very possible* the Township will ultimately condemn the property." (Pl.'s Br. Supp. Mt. Preliminary Injunction 33, ECF No. 18-2) (emphasis added). The Township Resolution calling for a preliminary investigation fails to amount to an imminent or presently existing threat necessitating injunctive relief. Consequently, the Court finds that the Church has not established harm to its property rights sufficient to warrant a preliminary injunction.

Finally, a preliminary injunction's primary purpose is to preserve the *status quo*. *See Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997). The relief the Church seeks is not to prevent any speculated action the Township may undertake, but instead vacate the Township Planning Board's denial and allow the Church to acquire occupancy of the Phillips Property and conduct religious services. As the Church never occupied the Phillips Property, this is not an attempt to maintain the *status quo*, but rather change it by way of an order from this Court. Rule 65 is not intended for such a use.

### IV.   CONCLUSION

For the reasons above, the Court **DENIES** the Church's motions for injunctive relief and to serve third-party subpoenas. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 6, 2016**